NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  AZ-11-1505-JuPaD |
| | ) | |
| CYNTHIA L. MESSER, | ) | Bk. No.  11-03007 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| CYNTHIA L. MESSER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| EDWARD J. MANEY, Chapter 13 Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on February 24, 2012
at Phoenix, Arizona

Filed - March 9, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Redfield T. Baum, Sr., Bankruptcy Judge, Presiding
_____

Appearances:    David Allegrucci, Esq. of Allegrucci Law Office, PLLC argued for appellant Cynthia L. Messer; Stuart Bradley Rodgers, Esq. of Lane & Nach, P.C. argued for appellee Edward J. Maney, Chapter 13 Trustee.
_____

Before:  JURY, PAPPAS, and DUNN, Bankruptcy Judges.

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Chapter 7[1] debtor, Cynthia L. Messer, claimed as exempt 100% of the fair market value of her vehicle listed at $12,000. This amount was over the $5,000 statutory limit for vehicle exemptions under Arizona law. Debtor also claimed that her $2,000 monthly benefit from a structured settlement annuity was not property of her estate. The bankruptcy court sustained the chapter 7 trustee's objection to debtor's claimed exemption in her vehicle and found that her annuity payments were property of her estate. This timely appeal followed. We AFFIRM.

## I. FACTS

On February 7, 2011, debtor filed her chapter 7 petition. Jill H. Ford was appointed the chapter 7 trustee.

In Schedule C, debtor claimed 100% of the fair market value ("FMV") of her 2007 Honda Accord, listed at $12,000,[2] as exempt under Ariz. Rev. Stat. ("ARS") §33-1125(8). That statute allows a debtor to exempt "[o]ne motor vehicle not in excess of a fair market value of five thousand dollars."

Debtor also claimed as exempt her $2,000 monthly benefit from a 1985 annuity under ARS §33-1126(B).[3] The record shows that the annuity arose from a settlement for the wrongful death

---

[1] As explained below, debtor converted her case to one under chapter 13 before this appeal was taken. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and rule references are to the Federal Rules of Bankruptcy Procedure.

[2] Debtor's Schedule D showed that the vehicle was encumbered by a lien in an amount over $15,000.

[3] ARS §33-1126(B) was inapplicable to the annuity because that section concerns the exemption of certain retirement plans.

of debtor's husband. The insurer, United States Fidelity and Guaranty Company ("USF&G"), owned the annuity and it was not assignable.

Debtor amended Schedule C to show that her basis for claiming 100% of the FMV of her vehicle exempt was the holding in Schwab v. Reilly, __ U.S. __, 130 S.Ct. 2652, 2668 (2010). Debtor also changed the statutory basis for her exemption in the annuity to ARS §33-1126(A)(7) which authorizes as exempt "an annuity contract where for a continuous unexpired period of two years that contract has been owned by a debtor and has named as beneficiary the debtor . . . ."

The chapter 7 trustee objected to debtor's exemptions, asserting that the claimed exemption in her vehicle was over the $5,000 statutory limit set forth in ARS §33-1125(8) and her exemption in the annuity under ARS §33-1125(A)(7) should be denied because that statute applied only to annuities owned by a debtor. In response, debtor asserted that the annuity was not property of her estate because (1) it contained an anti-alienation provision; (2) she did not own the annuity; and (3) the annuity qualified as a spendthrift trust under Arizona law.

On July 28, 2011, the bankruptcy court heard the matters. At the hearing, the court found that the Supreme Court's decision in Schwab did not authorize debtor to claim an exemption in her vehicle greater than the $5,000 limit under ARS §33-1125(8). The bankruptcy court took the matter of debtor's exemption in the annuity under advisement.

On August 25, 2011, the bankruptcy court issued its ruling

-3-

on the annuity exemption. Siding with the trustee, the court found that because the annuity was never owned by debtor, debtor could not claim it exempt under ARS §33-1126(A)(7). The bankruptcy court also found that there was nothing in the record that established the annuity qualified as a spendthrift trust under Arizona law. The court reasoned that the facts, analysis, and holding in In re Kent, 396 B.R. 46 (Bankr. D. Az. 2008), were very similar to this case and compelled the conclusion that the annuity was not exempt and was property of the estate.

On September 7, 2011, the bankruptcy court entered the order sustaining the trustee's objection to debtor's claimed exemption in the annuity and finding that it was property of her estate. As a result of the court's ruling, debtor converted her case to chapter 13 on September 14, 2011. On October 11, 2011, the court entered the order denying debtor's claim of exemption in her vehicle above the statutory limit of $5,000 allowed under Arizona law. Debtor timely appealed the orders.

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

A.  Whether the bankruptcy court erred in sustaining the chapter 7 trustee's objection to debtor's claimed exemption for 100% of the FMV of her vehicle; and

B.  Whether the bankruptcy court erred by finding that the annuity was property of debtor's estate.

-4-

## IV.  STANDARDS OF REVIEW

We review de novo a bankruptcy court's conclusions of law, including statutory interpretations.  Simpson v. Burkart (In re Simpson), 557 F.3d 1010, 1014 (9th Cir. 2009).  Whether the Arizona exemption statutes at issue apply to debtor's claimed exemptions is a question of statutory interpretation.  Id.

Whether property is property of the estate is a question of law reviewed de novo.  Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 432 B.R. 812, 818 (9th Cir. BAP 2010).

## V.  DISCUSSION

When debtor filed her chapter 7 petition, all of her assets became property of her bankruptcy estate under § 541, subject to her right to reclaim certain property as exempt.  Schwab, 130 S.Ct. at 2656-58.  "Property a debtor claims as exempt will be excluded from the bankruptcy estate '[u]nless a party in interest' objects."  Id. (citing § 522(l)).

Section 522(b) allows debtors to choose the exemptions afforded by state law or the federal exemptions listed under § 522(d).  Arizona has enacted legislation "opting out" of the federal bankruptcy exemption scheme under § 522(d).  ARS §33-1133(B).  Therefore, Arizona law governs substantive issues regarding debtor's claimed exemptions.  See In re Simpson, 557 F.3d at 1014.

**A.  The Bankruptcy Court Properly Denied Debtor's Claimed Exemption In Her Vehicle Over $5,000**

ARS § 33-1125(8) provides that debtor may exempt one motor vehicle not in excess of a FMV of $5,000.  Debtor ignores the statutory cap under the statute, instead arguing that under the

-5-

holding in Schwab she can validly claim 100% of the FMV of her vehicle exempt if she did so in good faith. Debtor contends her claim of exemption for the full FMV of her vehicle was made in good faith because there was no equity in her vehicle and the trustee did not contest the value of her vehicle. On this basis, debtor contends her exemption should stand. We disagree.

Debtor misunderstands the holding in Schwab and the scope of the decision. In Schwab, the debtor claimed exemptions in catering equipment equal to the value which she had listed for the items themselves. The trustee did not object to the exemptions even though he had an appraisal which showed the equipment worth more than the amount debtor had listed. The trustee sought permission to auction the equipment. The bankruptcy court and Third Circuit Court of Appeals agreed that the trustee could not sell the equipment because he failed to object to the exemptions. The Supreme Court disagreed, holding that when the debtor's schedule of exempt property accurately describes the asset and declares the "value of [the] claimed exemption" in that asset to be an amount within the limits which the Code prescribes, an interested party such as the trustee "need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor expressly declared exempt." 130 S.Ct. at 2657. The court reasoned that all the debtor received for her properly listed exemption in the catering equipment was the dollar value that she had claimed.

The facts in Schwab are distinguishable from those here. In contrast to the debtor in Schwab, debtor did not properly

-6-

list the exemption in her vehicle in an amount prescribed by ARS §33-1125(8) on her Schedule C. Therefore, her claimed exemption was objectionable on its face. Accordingly, the trustee was required to object to her exemption under the holding of Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). See Schwab, 130 S.Ct. at 2666 (noting that Taylor established and applied "the straightforward proposition that an interested party must object to a claimed exemption if the amount the debtor lists as the 'value claimed exempt' is not within statutory limits . . . .").

Debtor's reliance on the following passage in Schwab to support her position is also misplaced.

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as 'full fair market value (FMV)' or '100% of FMV.' Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits. If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset.

130 S.Ct. at 2668. While this passage provides guidance to debtors who intend to exempt the actual value of the asset by listing its value claimed exempt as "100% of FMV," it does not stand for the proposition that such a listing constitutes a "valid and unobjectionable scheduling of a claimed exemption value where the relevant exempting statute, such as the [Arizona] Code, expressly limits the exemption to a maximum cash value." In re Stoney, 445 B.R. 543, 552 (Bankr. E.D. Va. 2011). The Stoney court noted that "to interpret Schwab as such would

-7-

permit a judicial superseding of the state statutory requirements for exemptions and functionally negate the express authority of a state to opt out and impose its exemption limitations — as well as the procedural and substantive requirements necessary to perfect those exemptions — on debtors who are citizens of the opt-out state." Id.

Further, as the bankruptcy court observed, debtor overlooked a crucial part of the passage cited above: "If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption." Schwab, 130 S.Ct. at 2668. At the hearing on the matter in the bankruptcy court, debtor's counsel explained that because both sides agreed that there was no equity in the vehicle, this sentence would never apply. However, the record shows there was no agreement regarding the lack of equity in debtor's vehicle. The trustee stated on the record that he objected to debtor's exemption in case it turned out there was actually less owed on the vehicle than what was reported on debtor's schedules. Therefore, the trustee properly objected, preserving the value in excess of debtor's exemption, if any, for the creditors of her estate.

Debtor does not contend on appeal that the basis for the trustee's objection was invalid, nor could she, when her counsel acknowledged at the hearing that debtor's statutory exemption for her vehicle was limited to $5,000 under Arizona law. Under these circumstances, we conclude the bankruptcy court correctly

-8-

sustained the trustee's objection to debtor's exemption in her vehicle over the $5,000 statutory limit.[4]

**B.    The Bankruptcy Court Properly Found That The Annuity Was Property Of Debtor's Estate And Not Exempt**

Section 541(c)(2) provides an exception to the general rule set forth in § 541(a)(1) that all legal or equitable interests of the debtor become property of the estate as of the commencement of the case.  Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."  This provision excludes from the property of the bankruptcy estate interests in trusts that are protected under a spendthrift clause that is enforceable under applicable state law.  See Patterson v. Shumate, 504 U.S. 753, 758 (1992) ("The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law.").

Debtor contends that her annuity falls within the scope of § 541(c)(2) because it constitutes a valid spendthrift trust

---

[4] Technically, because debtor's vehicle was overencumbered, she had no equity or "interest" in her vehicle to remove from her estate.  From what we can tell, debtor's claim of 100% FMV in her vehicle was apparently to protect any eventual equity she might have once she paid off the vehicle.  However, as the bankruptcy court noted, debtor's counsel confused the concept of abandonment with the exemption process.  If debtor properly listed the vehicle and it was not administered at the time her case was closed, the vehicle would be abandoned by operation of law, thereby protecting her equity vis-a-vis her estate.

-9-

under the Arizona Trust Code. In support of this conclusion, debtor begins by citing ARS §14-10102, which provides that the Arizona Trust Code "applies to express trusts, charitable or noncharitable trusts and trusts created pursuant to a statute, judgment or decree that requires the trust to be administered in the manner of an express trust." According to debtor, her annuity income falls within the scope of the Arizona Trust Code because it was the result of a state court judgment or decree. To support this premise, debtor relies on two documents that relate to a probate proceeding regarding the approval of a separate settlement arising out of the wrongful death of debtor's husband which was for the benefit of debtor's minor daughter. The first document is a petition for a protective proceeding under ARS §14-5409(b) which debtor brought on behalf of her minor daughter and the second is a petition for an order approving the settlement of the wrongful death claim of the minor daughter which simply contains a reference to the annuity payable to debtor.

We are not persuaded by debtor's argument. Notably, the documents were simply petitions and not orders. We thus fail to see how the documents prove that the alleged trust arose from a "judgment or decree." Further, even if we could get past that requirement, neither of the documents prove that a trust was created for her benefit through the probate proceeding. Debtor was neither a protected person in the proceeding nor would the probate court have had jurisdiction over her assets.

There is also nothing in either document that is consistent with a trust arrangement. Under Arizona law, the essential

-10-

elements of a valid trust include (1) a competent settlor, (2) a trustee, (3) an intention to create a trust, (4) the trustee has duties to perform and (5) the same person is not the sole trustee and sole beneficiary. ARS §14-10402. On appeal, debtor simply makes conclusory statements that these elements are satisfied. However, the documents in the record do not identify a settlor or trustee nor do they come close to establishing that the probate court or USF&G intended to create a trust for the benefit of debtor.[5] Compare In re Kent, 396 B.R. at 52.

We are also unpersuaded by debtor's argument that the so-called trust qualifies as a spendthrift trust. Under ARS §14-10502(A), "a spendthrift provision is valid only if it restrains either voluntary or involuntary transfer of a beneficiary's interest." ARS §14-10502(B) provides: "[a] term of a trust providing that the interest of a beneficiary is held subject to a spendthrift trust, or words of similar import, is sufficient to restrain both voluntary and involuntary transfer of the beneficiary's interest." Thus, the statute governing spendthrift trusts contemplates that the trust document itself would manifest the parties' intent to create a spendthrift trust, although no specific language is required.

Instead of relying on a trust document, which debtor

_____

[5] Besides not offering a written trust instrument into evidence, debtor's argument that an oral trust was somehow created also fails. ARS § 14-10407 states in relevant part: "[T]he creation of an oral trust shall be established only by clear and convincing evidence and the terms of the oral trust shall be established by a preponderance of the evidence. . . ." Debtor's evidence does not come close to meeting the clear and convincing standard of proof required under the statute.

apparently does not have, she contends that ARS §12-2902 serves as a "statutory restraint" on debtor's transfer of her interest which proves her trust was a spendthrift trust. ARS §12-2902 provides that structured settlement payments are transferable if authorized by a court after finding that such transfer is "in the best interests of the payee, taking into account the welfare and support of the payee's dependents." ARS §12-2902(B)(3). Debtor contends that because she can transfer her stream of income only upon an "express finding" that it is in her best interests to do so, that limitation takes her annuity out of her creditors' reach.

We are not convinced that ARS §12-2902, which authorizes a payee of a structured settlement to transfer payments upon court approval, constitutes the kind of "restraint" envisioned for a spendthrift trust under Arizona law.[6] Debtor's argument makes no sense when the statute itself authorizes transfers of structured settlement payments. This authorization is contrary to the very nature of spendthrift trusts. Furthermore, statutes such as this were enacted for the protection of payees under structured settlements to "prevent serious overreaching by factoring companies and to prevent the sale of payments at a mere fraction of their present or future value." Jay M. Zitter, Annotation, Construction and Application of State Structured Settlement Protection Acts, 27 A.L.R. 6th 323 (2007). This purpose does not evidence an intent by the Arizona legislature

---

[6] Note that we do not find that ARS § 12-2902 applies to debtor because she provided no court order that pertained to her annuity at all.

-12-

to turn every structured settlement into a spendthrift trust under Arizona law.

In sum, as there is no evidence in the record to the contrary, we conclude that as a matter of law debtor's annuity was not a spendthrift trust. Therefore, despite the restrictive language contained in the March 29, 2011 letter also in the record (which stated that debtor's benefit could not be assigned), we agree with the bankruptcy court that debtor's annuity payments were property of her estate for the reasons explained in In re Kent, 396 B.R. 45. See also In re Jackus, 442 B.R. 365 (Bankr. D.N.J. 2011).

Finally, debtor's annuity is not exempt under ARS §33-1125(A)(7) because that statute applies only to annuities owned by a debtor. Debtor conceded that she did not own the annuity.

**VI.   CONCLUSION**

For the reasons stated, we AFFIRM.

-13-